# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 21, 2011

Lyle W. Cayce
Clerk

No. 10-51091
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

IRIS MARLING ALVARADO-MEJIA, also known as Iris Alvarado-Mejia, also known as Iris Alvarado Mejia,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-1949-1

Before BENAVIDES, STEWART and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Iris Marling Alvarado-Mejia (Alvarado) appeals the sentence she received following her guilty plea conviction for illegal reentry, in violation of 8 U.S.C. § 1326. Alvarado argues that her within-guidelines 57-month sentence is substantively unreasonable because it was greater than necessary to satisfy the sentencing goals outlined in 18 U.S.C. § 3553(a). She asserts that the district court should have sentenced her below the guidelines range of imprisonment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because the unlawful reentry Guideline is not empirically based and effectively double counts a prior conviction; she is prejudiced by a disparity between districts that employ "fast track programs" and the district in which she was sentenced, which lacks such a program; she committed her offense under duress; and her offense was tantamount to trespass.

We review the substantive reasonableness of Alvarado's sentence for an abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007). Alvarado correctly acknowledges that her arguments regarding the reentry Guideline and the lack of a "fast track program" are foreclosed by this court's precedent. *See United States v. Duarte*, 569 F.3d 528, 530-31 (5th Cir. 2009). She has not rebutted the presumption of reasonableness that applies to her within-guidelines sentence. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008); *United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008).

AFFIRMED.